**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| BUCHANAN LOGISTICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-CV-659-HAB |
| | ) | |
| AAFT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER GRANTING DEFAULT JUDGMENT**

After obtaining an entry of default (ECF No. 7) against Defendant AAFT Solutions, Inc., Plaintiff Buchanan Logistics Inc. ("Buchanan") moved for a Default Judgment. (ECF No. 8). Because the Defendant failed to appear or otherwise defend and the Plaintiff is entitled to a default judgment and damages as set forth herein, the Motion is GRANTED.

### I.    *Procedural Background*

On December 5, 2025, Buchanan filed its Complaint against Defendant seeking payment of monies Buchanan claims it is owed under a contract between the parties. (ECF No. 1). Buchanan's Complaint properly asserts subject matter jurisdiction based on diversity of citizenship and the amount in controversy exceeds the $75,000 threshold. (*Id.*)

On February 10, 2026, Defendant, through its registered agent, was served with a Summons and copy of Buchanan's Complaint. (ECF No. 2). Defendant has failed to appear or otherwise defend within the allowable time and a clerk's entry of default was issued on February May 15, 2026. (ECF No. 7).

## II.    Analysis

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *Id*. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* (quoting *In re Catt*, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). On the other hand, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight,* 500 F.3d at 602 (quoting *Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc.*, 722 F2d 1319, 1323 (7th Cir. 1983)).

### a.    Liability

Taken as true, the allegations in the Complaint establish the liability of Defendant for breach of contract. *See Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007) ("To recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach.").

Buchanan pleads the existence of "a contract or series of contract" between itself and the Defendant pursuant to which "Defendant tendered certain freight to Buchanan for transportation in interstate commerce or arranged for shipment of said freight with Buchanan." (ECF No. 1 ¶ 9). Buchanan alleges that it has complied with its obligations under these contracts. (*Id.* ¶ 12). It alleges that Defendant has breached these contracts by "fail[ing] to pay legitimate freight charges incurred in the transportation of said freight," despite Buchanan's performance of its obligations. (*Id.* ¶¶ 13-14). These allegations, accepted as true, establish the Defendant's liability on the contracts. Additionally, Plaintiff pled an open account claim and equitable claims of unjust enrichment and quantum meruit that have likewise been established as a matter of law. (ECF No. 1 at 3-6). Therefore, the Court must determine damages. Fed. R. Civ. P. 55(b).

###### b.     Damages

Buchanan's request for damages is supported by the Declaration of David Francis (ECF No. 8-3). Francis, the Chief Financial Officer for Buchanan, testifies that the total amount owed and unpaid by the Defendant pursuant to the relevant contracts is $76,100.75. (*Id.*) Buchanan's request for costs is supported by the Declaration of C. Fredric Marcinak, who testifies that Buchanan has incurred $570.00 in costs while pursuing this litigation.   (ECF No. 8-4). Accordingly, the Court finds that Defendant is liable to Buchanan for the total amount of $76,670.75 as a result of its breach of contract.

### **CONCLUSION**

Based on the above, the Court GRANTS the motion for default judgment (ECF No. 8). The Clerk is directed to enter judgment in favor of Buchanan in the amount of $76,670.75 along with pre-judgment interest accruing from May 15, 2026, until the date of this Order and post-judgment interest accruing from the date judgment is entered.

3

SO ORDERED on July 22, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT